FILED'09 AUG 7 15:27 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL DEWAYNE BRUNSON,

    Defendant.

CR 06-410-RE

OPINION AND ORDER

REDDEN, Judge:

Before the court is defendant Paul Dewayne Brunson's Motion (doc. 52) for Sentence Reduction pursuant to 18 U.S.C. § 3582(c), and Amendment 706 to U.S. Sentencing Guideline ("U.S.S.G.") § 2D1.1, which lowered the base offense level applicable to most cocaine base ("crack cocaine") offenses. For the reasons set forth below, I DENY the motion.

PAGE 1 - OPINION AND ORDER

## Background

On October 11, 2006, Brunson was indicted on one count of possession with intent to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), one count of possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following negotiations with the government, Brunson pled guilty to two counts of a Superceding Indictment that charged him with using a communication facility (*i.e.*, a cellular telephone) to facilitate the distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 843(b). The maximum sentence on each count was four years imprisonment, one year of supervised release, a $250,000 fine, and a $100 fee assessment.

On October 31, 2007, the court held a sentencing hearing. As part of their plea agreement, the parties stipulated that Brunson's relevant conduct under U.S.S.G. §§ 1B1.3 and 2D1.1, was between 150 and 500 grams of crack cocaine, for a base offense level of 34. After a three-level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1, Brunson's total offense level was 31. With a Criminal History Category II, his sentencing guideline range was 121 to 151 months imprisonment. At the parties' joint request, I sentenced Defendant to 96-month term of imprisonment, which was the maximum statutory sentence.

On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the Drug Quantity Table, U.S.S.G. § 2D1.1, which modified the base offense level applicable to most crack cocaine offenses. See U.S.S.G., Supp. to App'x C, Amend 706 (Nov. 1, 2007). "The amendment adjusts downward by two levels the base offense level assigned to each threshold

PAGE 2 - OPINION AND ORDER

quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 . . . ." United States v. Ross, 511 F.3d 1233, 1237 n.2 (9th Cir. 2008) (emphasis added). Effective March 3, 2008, Amendment 706 may be applied retroactively to reduce a defendant's term of imprisonment. U.S.S.G., App'x C, Amend. 713; U.S.S.G. § 1B1.10(c). Accordingly, "time reductions for crack cocaine offenders sentenced prior to November 1, 2007, [are] authorized pursuant to 18 U.S.C. § 3582(c)(2)." Ross, 511 F.3d at 1237 n.2.

Brunson now moves for a reduction of his sentence under 18 U.S.C. § 3582(c). He argues that the court has discretion to reduce his term of imprisonment from 96 months to 78 months because his original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." I disagree.

### **Legal Standards**

Generally, "courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Section 3582(c)(2) of Title 18, however, provides a mechanism by which the court may apply a retroactive amendment to the Sentencing Guidelines to reduce a defendant's sentence:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). If a Guideline Amendment does not actually lower a defendant's sentencing range, the sentencing court lacks the authority to modify the sentence. See United

PAGE 3 - OPINION AND ORDER

States v. Leniear, ___ F.3d ___, 2009 WL 2216784, at *3 (9th Cir. July 27, 2009) (defendant was not entitled to a sentence reduction because the applicable sentencing range "would have been the same even if Amendment 706 had been in place at the time he was sentenced"); United States v. Orantes-Arriaga, 244 Fed. App'x 151, 152 (9th Cir. 2007) (unpublished) (remanding with instructions to dismiss for lack of jurisdiction because the defendant's sentencing range was not affected by the Guideline Amendment); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) ("Because [the Amendment] has no effect on [the defendant's] sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)."); U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."). Additionally, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendments to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

## **Discussion**

Here, the court lacks the authority to modify Brunson's sentence because Amendment 706 does not actually lower his applicable sentencing guideline range. At sentencing, the parties agreed that Brunson's relevant conduct under U.S.S.G. §§ 1B1.3 and 2D1.1 was between 150 and 500 grams of crack cocaine, for a Base Offense Level of 34. After a three-level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1, Brunson's Total Offense level was 31.

PAGE 4 - OPINION AND ORDER

With a Criminal History Category II, his sentencing guideline range was 121 to 151 months imprisonment. At the parties' request, I departed from that guideline range and sentenced Brunson to only 96 months imprisonment because that was the maximum statutory sentence for the charges.

Admittedly, Amendment 706 lowers Brunson's <u>base offense level</u> from 34 to 32. The amendment does not, however, affect his final sentence. After the three-level reduction for acceptance of responsibility, Brunson's new total offense level goes from 31 to 29. With a Criminal History Category of II, his sentencing guideline range drops from 121 to 151 months to 97 to 121 months imprisonment. Thus, Brunson's new sentencing guideline range under Amendment 706 still exceeds the 96-month term of imprisonment imposed by the court. In other words, if he were to be sentenced today under Amendment 706, Brunson's sentence would still be capped by a 96-month statutory maximum even though that sentence falls below his applicable guideline range under Amendment 706. Because Amendment 706 does not actually affect Brunson's ultimate sentence, the court lacks authority to modify his sentence under 18 U.S.C. § 3582(c)(2). <u>Leniear</u>, 2009 WL 2216784, at *3; <u>Orantes-Arriaga</u>, 244 Fed. App'x at 152; <u>Townsend</u>, 98 F.3d at 513. Accordingly, Brunson's Motion (doc. 52) for Sentence Reduction is DENIED.

IT IS SO ORDERED.

DATED this 7 day of August, 2009.

James A. Redden
United States District Judge

PAGE 5 - OPINION AND ORDER